THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>SOLEDAD RUBIO d/b/a GIG UNIVERSAL MULTI SERVICIOS,<br><br>        Defendant. | CASE NO. C21-1054-JCC<br><br>ORDER |

This matter comes before the Court on the parties' stipulation and joint motion for a permanent injunction by consent and entry of final judgment (Dkt. No. 2). The Court hereby GRANTS the parties' motion (Dkt. No. 2) and orders as follows:

    1.    Plaintiff filed a complaint seeking permanent injunction against Defendant Soledad Rubio under 26 U.S.C. §§ 7402(a), 7407, and 7408 (*see generally* Dkt. No. 1).

    2.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1345 and under 26 U.S.C. §§ 7402, 7407 and 7408.

    3.    Defendant does not admit the allegations in the Complaint, but does admit, for the purposes of this injunction, that she "engaged in conduct that interfered with the enforcement of the internal laws relating to the activities subject to penalty under 26 U.S.C. §§ 6694, 6695, and 6701." (Dkt. No. 2 at 2.)

4. The parties waive the entry of findings of fact and conclusions of law. (*Id.*)

5. The Court finds, for the purposes of entry of this injunction, that Defendant has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695 and has continually and repeatedly engaged in other fraudulent and deceptive conduct that substantially interferes with the administration of the tax laws; that injunctive relief is appropriate under 26 U.S.C. § 7407 to bar her from acting as a federal tax return preparer to prevent recurrence of that conduct; and that a narrower injunction enjoining only specified conduct would not be sufficient to prevent her interference with the proper administration of the internal revenue laws.

6. The Court further finds, for the purposes of entry of this injunction, that Defendant has engaged in conduct subject to penalty under 26 U.S.C. § 6701, and that injunctive relief is appropriate under 26 U.S.C. § 7408 to prevent recurrence of that conduct.

7. The Court further finds, for the purposes of entry of this injunction, that the Defendant has engaged in conduct that substantially interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent powers in equity and 26 U.S.C. § 7402(a).

8. The Court hereby GRANTS a permanent injunction prohibiting Defendant, and all those acting in concert with or under her direction and/or control from:

   a. preparing, filing, or assisting in the preparation or filing of federal tax returns, amended returns, and other related documents and forms, including any electronically submitted tax returns or tax-related documents, for any entity or person other than herself;

   b. engaging in any activity subject to penalty under 26 U.S.C. §§ 6694, 6695, and 6701; and

   c. engaging in any fraudulent or deceptive conduct which substantially interferes with the proper administration and enforcement of the internal revenue laws.

9. Defendant, at her own expense, shall:

        a.     send by certified mail, return receipt requested, a copy of the final injunction entered against Defendant in this action, as well as a copy of the Complaint setting forth the allegations as to how Defendant fraudulently prepared federal tax returns, to each person for whom Defendant prepared federal tax returns or any other federal tax forms after January 1, 2015, within thirty (30) days of entry of this final injunction;

        b.     Surrender to the Secretary of the Treasury or his delegate any and all PTINs held by, assigned to, or used by Defendant pursuant to 26 U.S.C. § 6109 within thirty (30) days of entry of this final injunction;

        c.     Prominently post a copy of the injunction in Defendant's place of business where she prepared tax returns, within ten (10) days of entry of this final injunction;

        d.     Deliver a copy of the injunction to any employers, employees, contractors and vendors of Defendant, within thirty (30) days of entry of this final injunction;

        e.     File a sworn statement with the Court evidencing Defendant's compliance with the foregoing directives within forty-five (45) days of entry of this final injunction; and

        f.     Keep records of Defendant's compliance with the foregoing directives, which may be produced to the Court, if requested, or the United States pursuant to paragraph 10, below;

10. The Court shall allow the United States full post-judgment discovery to monitor compliance with the injunction; and

11. The Court shall retain jurisdiction over the Defendant and this action to enforce this permanent injunction.

//
//
//
//
//

DATED this 2nd day of September 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE